UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COLIN ROACH,

       Petitioner,

  -against-

UNITED STATES ATTORNEY GENERAL,
NASSAU COUNTY CORRECTIONAL
CENTER,

       Respondents.
----------------------------------X

MEMORANDUM & ORDER
09-CV-1471 (JS)

APPEARANCES:
For Petitioner:  Colin A. Roach, Pro Se
       A# 73 137 400
       Port Isabel Detention Center
       27991 Buena Vista Blvd
       Los Fresnos, TX 78566

For Respondents: No Appearance

SEYBERT, District Judge:

  On April 2, 2009, Colin A. Roach ("Roach" or "Petitioner") filed this petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus challenging his confinement. Petitioner seeks "to review the lawfulness of his detention by the United States Bureau of Immigration and Customs Enforcement . . . ." (Pet. 2). For the reasons stated below, the Court finds that it lacks jurisdiction over the petition, and transfers the petition to the Southern District of Texas.

### DISCUSSION

  Under Section 2241, federal district courts are granted limited jurisdiction to issue writs only "within their respective jurisdictions." 28 U.S.C. § 2241. The phrase "within their

respective jurisdictions" is limited to the territorial reach of the district court and does not include or encompass the court's long arm jurisdiction. Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" Id. (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)).

Applying the jurisdictional limitations of Section 2241 to this case, the Court can only acquire jurisdiction over Roach's habeas petition if the warden of the detention center in which he is detained is located within the Eastern District of New York. At the time of filing, Roach was held at the Port Isabel Detention Center, located in Los Fresnos, Texas, and therefore should have brought his petition in the United States Federal Court for the Southern District of Texas. See Rumsfeld, 542 U.S. 447 ("[W]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Because Petitioner is confined outside of the
2

2

jurisdiction limits of the Eastern District of New York, this Court lacks jurisdiction over Roach's petition, and accordingly transfers the petition to the Southern District of Texas.[1] See 28 U.S.C. § 1631.

## CONCLUSION

In light of the foregoing, the Clerk of the Court is directed to transfer this petition to the United States Federal Court for the Southern District of Texas, Brownsville Division.

SO ORDERED

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
April 20, 2009

---

[1] Because the Court lacks jurisdiction over this Petition, the Court makes no finding as to whether the petition is a second or successive petition.

3